

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# Frantz v. Secretary HHS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Frantz v. Secretary HHS" (2008). *2008 Decisions*. Paper 1550.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1550

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-1742

BRYAN FRANTZ, DMD,

Appellant

v.

*MICHAEL O. LEAVITT, HHS SECRETARY

*Pursuant to F.R.A.P. 43(c)

On Appeal from the United States District Court
for the Middle District of Pennsylvania
Civil. No. 04-cv-01895
District Judge: The Honorable Thomas I. Vanaskie

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 14, 2008

Before: SLOVITER, and SMITH, *Circuit Judges*,
DIAMOND, *District Judge**

(Filed: February 21, 2008   )

OPINION

---

*The Honorable Gustave Diamond, Senior District Judge for the United States District Court for the Western District of Pennsylvania, sitting by designation.

SMITH, *Circuit Judge*.

Bryan Frantz, D.M.D., appeals the decision of the District Court affirming the decision of the Medicare Appeals Council to deny him additional reimbursement for procedures performed on Joseph DeMarco, a Medicare beneficiary. For the reasons set forth below, we will affirm the judgment of the District Court.

DeMarco needed post-cancer dental implant surgery. He sought approval to have the implants covered by Medicare and after an initial denial of benefits, an Administrative Law Judge ("ALJ") held that the post-cancer dental implants were medically necessary and covered by Medicare. Dr. Frantz performed the surgery and infixed seven dental implants into DeMarco on March 27, 2001. Dr. Frantz then submitted a claim to a Medicare insurance carrier for $14,000 to cover the cost of the procedures. His claim was initially denied because he was not a Medicare provider. The record indicates that after Dr. Frantz resubmitted the claim, he was given a Medicare provider number and was paid $4,752.80 under Medicare's multiple surgery payment rule.[*] Dr. Frantz appealed.

An ALJ determined that while Dr. Frantz received a Medicare provider number and submitted a claim under that number, he was not a member of the Medicare Program and should be paid at a different rate than subscribers under the Program. Based on that

---

[*] The multiple surgery payment rule limits the Medicare allowable charge for multiple surgical procedures performed on the same day. Under the rule, Medicare pays 100% of the fee schedule payment amount for the highest valued procedure and then 50% for the second through fifth procedures. Sixth and subsequent procedures are manually reviewed and paid at an amount not lower than 25% of the full payment amount. CMS Program Manual § 4826.

2

determination, the ALJ concluded that additional reimbursement should be paid to Dr. Frantz under Part B of Title XVIII of the Social Security Act, as amended.

The Medicare Appeals Council reviewed the ALJ's decision and reversed. Dr. Frantz appealed and the magistrate judge issued his Report & Recommendation affirming the Medicare Appeals Council's determination. The District Court adopted the magistrate's recommendation after reviewing the record *de novo*. Dr. Frantz timely appealed to this Court.[**]

As far as we can tell, Dr. Frantz's primary argument is that equity demands that he be compensated in full. However, at no point was he told that he would receive 100% compensation for the procedures. Dr. Frantz fails to point to any language of Title XVIII of the Social Security Act, as amended, that would clearly entitle him to more than the fee schedule would allow. Dr. Frantz does argue that he was not a member of the Medicare Program and that the treatment he rendered should not be considered "multiple surgeries" subject to the multiple surgeries payment rule. However, there is substantial evidence in the record to support the determination that Dr. Frantz was a physician assignee who assumed his patient's right to reimbursement under Medicare by filing the claim with a provider number. Further, a court must afford substantial deference to an agency's interpretation of its own regulations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 315 (3d Cir. 2006). Dr. Frantz presents no argument as to why we

---

[**] We have jurisdiction over this appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c) and 28 U.S.C. § 1291.

3

should not defer to the agency's interpretation of "multiple surgeries,"[***] other than that the ALJ determined otherwise.  Therefore, we will affirm the judgment of the District Court.

---

[***] The CMS Program Manual § 4826 provides that "[m]ultiple surgeries are separate procedures performed by a single physician or physicians in the same group practice on the same patient at the same operative session or on the same day for which separate payment may be allowed. . . .  Multiple surgeries are distinguished from procedures that are components of or incidental to a primary procedure."